NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERARDO CASTRO-CHAVEZ, | No. 13-73446 |
| Petitioner, | |
| v. | Agency No. A087-429-240 |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:     McKEOWN, WATFORD, and FRIEDLAND, Circuit Judges.

Gerardo Castro-Chavez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  Our jurisdiction is

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence the agency's factual findings.  *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008).  We deny in part and dismiss in part the petition for review.

Castro-Chavez's opposed motion to remand (Docket Entry No. 25) is denied.  *See* 8 C.F.R. §§ 1003.2(a), (c)(1); *see also Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (review is limited to the "administrative record upon which the deportation order is based and the Attorney General's findings of fact").  We also deny Castro-Chavez's request in his opening brief to remand this matter to the BIA to address cancellation of removal.

Castro-Chavez does not challenge the agency's dispositive finding that his asylum application is time-barred.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition as to Castro-Chavez's asylum claim.

Substantial evidence supports the agency's finding that Castro-Chavez failed to establish that any harm he fears in Mexico will be on account of his membership

in a particular social group.  *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").  We lack jurisdiction to consider Castro-Chavez's argument about a new social group that he did not raise to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).  Thus, we deny the petition as to Castro-Chavez's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of Castro-Chavez's CAT claim because he failed to establish it is more likely than not that he would be tortured by the Mexican government, or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**